Although I concur in today's opinion, I continue to adhere to the principles I discussed in Allstar Homes, Inc. v. Waters,711 So.2d 924, 933 (Ala. 1997) (Cook, J., concurring specially). I continue to be troubled by the "increasing frequency" with which arbitration clauses are presented on a "take-it-or-leave-it" basis in transactions for basic consumer goods and services. Id.
Johnny C. Murphy states that he telephoned the defendant Jim Burke Automotive, Inc. ("Jim Burke"), in response to an advertisement. Because Murphy had no means of transportation, Jim Burke procured a taxicab to bring him to its place of business. Murphy asserts that if his negotiations had not resulted in the purchase of an automobile, he would have had no means for returning home.
However, Murphy could hardly have failed to anticipate this scenario before he accepted the ride to the dealership. In my opinion, the circumstances of this case do not suggest that the arbitration agreement was unconscionable or that its enforcement would be unconstitutional. For these reasons, I concur.